## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

CHERIE YOUNG ,                                )
                Plaintiff,              )
      v.                                    )       Civil Action No. 11-167 (AK)
DISTRICT OF COLUMBIA,             )
                Defendant.           )
_____)

### MEMORANDUM OPINION

This matter is pending before this Court on Plaintiffs' Motion for [summary judgment on the issue of] Fees and Costs ("Fee Motion") and Memorandum in support thereof ("Memorandum") [11]; Defendant's opposition to the Motion ("Opposition") [12]; and Plaintiff's reply to the Opposition ("Reply") [13].[1]  Plaintiff Cherie Young ("Plaintiff") has requested $1,859.53 in  legal fees, a portion of which is contested by Defendant District of Columbia ("Defendant" or "the District") on grounds that the hourly rate charged by Plaintiff's counsel is excessive and some of counsel's billing entries are "remote" in time.  (Opposition, Exh. 1 [Defendant's chart of proposed allowable fees and reasons for fee reductions].)

### I. BACKGROUND

Plaintiff is the parent of a minor child who prevailed in an administrative action brought pursuant to the Individuals with Disabilities Education Act and the Individuals with Disabilities in Education Improvement Act ( collectively "IDEA"), 20 U.S.C. § 1400 *et seq.*  Pursuant to 20 U.S.C. §1415(i)(3)(B), a court may award attorney's fees to a parent who prevails in an IDEA proceeding.  Prior to filing this civil action, the Plaintiff participated in a January 8, 2008 due process hearing wherein the Hearing Officer determined that:

_____

[1]This same Fee Motion is filed in multiple cases involving claims for attorneys' fees and costs; the Plaintiff in this action is Cherie Young.

Petitioner's counsel complied with Paragraph 76 of the Consent Decree by notifying DCPS in writing that Petitioner had elected to request a compensatory education meeting instead of making a selection from the catalog. The hearing officer further concludes that DCPS violated the terms of the Consent Decree by refusing to honor the letter from Petitioner's counsel requesting a compensatory education meeting, and by insisting that such a meeting could only be requested by means of a selection card, because the Consent Decree does not require the use of any particular method for electing a compensatory education meeting.

(January 18, 2008 Impartial Due Process Hearing Officer's Decision ("HOD") at 5, attached to Notice of Removal [1] .)   The Hearing Officer *inter alia* ordered DCPS to "convene an IEP/MDT meeting to discuss and determine the form and amount of compensatory education it proposes to award Student in accordance with . . . the Consent Decree." (HOD at 6.)

Plaintiff originally filed her complaint for legal fees and costs with the Small Claims and Conciliation Branch of the Superior Court of the District of Columbia. Defendant removed this and other simultaneously filed cases to this Court and the parties subsequently consented to the referral of all such cases to the undersigned Magistrate Judge for all purposes. The parties were directed to brief the issues in these cases in the form of motions for legal fees and responses thereto.

## II. LEGAL STANDARD

The IDEA gives courts authority to award reasonable attorney's fees to the parents of a child with a disability who is the prevailing party. 20 U.S.C. §1415(i)(3)(B). An action or proceeding under IDEA includes both civil litigation in federal court and administrative litigation before hearing officers. *Smith v. Roher*, 954 F. Supp. 359, 362 (D.D.C. 1997); *Moore v. District of Columbia*, 907 F.2d 165, 176 (D.C. Cir. 1990), *cert. denied*, 498 U.S. 998 (1990).

The plaintiff has the burden of establishing the reasonableness of any fee requests. *See In re North*, 59 F.3d 184, 189 (D.C. Cir. 1995); *Covington v. District of Columbia*, 57 F.3d 1101,

2

1107 (D.C. Cir. 1995) ("[A] fee applicant bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates.")  "An award of attorneys' fees is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended on the case." *Smith*, 954 F. Supp. at 364 (citing *Hensley v. Eckerhard*, 461 U.S. 424, 433 (1983)); *Blum v. Stenson*, 465 U.S. 886, 888 (1984).  The result of this calculation is the "lodestar" amount. *Smith*, 954 F. Supp. at 364.

    20 U.S.C. §1415(i)(3)(C) states that "[f]ees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. §1415(i)(3)(C).  To demonstrate a reasonable hourly rate, the fee applicant must show: an attorney's usual billing practices; counsel's skill, experience and reputation; as well as the prevailing market rates in the community. *Covington*, 57 F.3d at 1107.  The determination of a "market rate for the services of a lawyer is inherently difficult" and is decided by the court in its discretion. *Blum*, 465 U.S. at 896 n.11. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence . . . that the requested [hourly] rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.*  An attorney's usual billing rate may be considered the "reasonable rate" *if it accords with the rates prevailing in the community for similar services by lawyers possessing similar skill, experience and reputation.  Kattan by Thomas v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993) (emphasis added).

    A party moving for summary judgment on legal fees accordingly must demonstrate prevailing party status and the reasonableness of the fees requested in terms of hours spent and

hourly rate.  Under Fed. R. Civ. P. 56 (a), summary judgment shall be granted if the movant

shows that there is "no genuine issue as to any material fact and the moving party is entitled to a

judgment as a matter of law." *Accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

Summary judgment should be granted against a party "who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The court is required to draw all justifiable inferences in the nonmoving party's favor and

to accept the nonmoving party's evidence as true.  *Anderson*, 477 U.S. at 255.  The nonmoving

party must establish more than "the mere existence of a scintilla of evidence" in support of its

position.  *Id.* at 252.   Nor may the non-moving party rely on allegations or conclusory

statements; instead, the non-moving party is obliged to present specific facts that would enable a

reasonable jury to find it its favor.  *Greene v Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

### III. ANALYSIS
### A. Reasonableness of Hourly Rates

Plaintiff seeks fees for the services of two lawyers and three paralegals, to be paid at the

following rates: $475.00/hour for Douglas Tyrka, an attorney with approximately 10 years

experience during the relevant time period, $268.00 per hour for Zachary Nahass, an attorney

with approximately 1-2 years experience during the relevant time period, and  $146.00/$150.00

per hour for Patrick Meehan, Camille Mckenzie and Yanet Scott, who were paralegals with the

firm Tyrka & Associates during that same period of time.[2] (Plaintiff's Itemization of

Fees/Expenses, attached to Notice of Removal [1]; Fee Motion [10], Exh. 2 [Verified Statement

---

[2]The law firm's hourly rate for paralegal charges occurring after May 31, 2008 increased
from $146/hour to $150/hour, even though the "enhanced" *Laffey* Matrix rates increased from
$146/hour to $152/hour during that same time

of Douglas Tyrka ("Tyrka")] ¶¶ 8 -11, 15.)  According to Tykra's Verified Statement ("Verified

Statement"), "[t]he hourly rates in the itemization are the rates Tyrka & Associates has

customarily charged."  (Exh. 2 ¶4.)

Tyrka further asserts that "clients have retained Tyrka & Associates with the

understanding and agreement that the client would retain full responsibility for all fees regardless

of what was reimbursed by third parties, at rates consistent with 'the *Laffey* [M]atrix' as adjusted

per the finding in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 14-15 (D.D.C. 2000), and

other cases."  (Exh. 2 ¶4.)[3]  Plaintiff relies upon the rates set forth in the "enhanced" *Laffey*

Matrix in her request for attorney's fees but Tyrka's Verified Statement does not indicate how

frequently Plaintiff's counsel is paid at these "enhanced" *Laffey* rates.[4]  Nor has counsel

presented affidavits attesting to the actual billing rates of lawyers who do similar IDEA work.

Furthermore, the Plaintiff has not provided specific information about the nature or complexity

of the IDEA administrative work performed in this case.

---

[3]The *Laffey* Matrix is "a schedule of charges based on years of experience" developed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *rev'd on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), as modified by *Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C. Cir. 1988).  The *Laffey* Matrix was first developed based upon information about the prevailing rates charged for complex federal litigation in the District of Columbia, and it is maintained by the United States Attorney's Office for the District of Columbia and is updated annually to reflect increases in the local Consumer Price Index.  *See Laffey* Matrix - 2003-2012, n.3, *available at:* htttp://www.justice.gov/usao/dc/divisions/civil_Laffey_Matrix_2003-2012.pdf.

The "enhanced" *Laffey* Matrix is a schedule of fees based on the original *Laffey* Matrix, with adjustments to reflect increases in the national Legal Services Index, prepared by the United States Bureau of Labor Statistics.   (Fee Motion, Exh.3.)

[4]*See generally MacClarence v. Johnson*, 539 F.Supp.2d 155, 160 (D.D.C. 2008)(expressing concern that "standardized hourly rates overcompensate lawyers whose practices are contingent fee based and therefore compensated at an hourly rate they never charge and none of their clients could pay").

Plaintiff asserts that in order to demonstrate prevailing market rates, she may "point to such evidence as an updated [enhanced] version of the *Laffey* Matrix or the U.S. Attorney's Office ["USAO"] Matrix, or [her] own survey of prevailing market rates in the community." (Memorandum in support of Fee Motion ("Memorandum") at 8 (citing *Covington*, 57 F.3d at 1109 (additional citation omitted))).   In the *Covington* case, which involved allegations of civil rights violations, the Court of Appeals for the D. C. Circuit did look to *Laffey* rates for prevailing market rates but the relevant market therein was "complex federal litigation,"  57 F.3d at 1110. In contrast, this case involves IDEA litigation, which is *not* complex federal litigation because most if not all of the attorney's fees in question are the result of counsel's preparation for attendance at routine administrative hearings.   Accordingly, the *Laffey* Matrix rates are inapplicable as prevailing market rates.

Plaintiff additionally relies upon *Rooths v District of Columbia*, Civil Action No. 09-0492, Report and Recommendation of March 31, 2011, and *Friendship Edison Pub. Charter Sch. v. Suggs*, Civil Action No. 06-1284, Motion for Attorneys' Fees of July 10, 2008 and Memorandum Opinion of March 30, 2009 at 5-8. (Fee Motion, Exhs. 5-7).[5]  According to Plaintiff, in these two IDEA cases litigated in this United States District Court, the firm's clients received an award of fees "based on rates exactly in line with those presented here, . . . " (Memorandum at 8.)

As a preliminary matter, this Court notes that the mere showing that a high hourly rate was approved in another case does not in and of itself establish a new market rate or prove that

---

[5]Plaintiff relies on *Friendship Edison Pub. Charter Sch. v. Suggs*, Civil Action No. 06-1284, Motion for Attorneys' Fees of July 10, 2008 and Memorandum Opinion of March 30, 2009 at 5-8, but this case is inapposite because there was no challenge to the reasonableness of the hours expended by counsel or the hourly rates in that case.

the new rate is reasonable.  Furthermore, Plaintiff's reliance on *Rooths v District of Columbia*, Civil Action No. 09-0492, Report and Recommendation of March 31, 2011 at 10-11 (Fee Motion, Exh. 5), is misplaced because the trial court ultimately rejected the application of enhanced *Laffey* rates, applied *Laffey* Matrix rates as a starting point, and then reduced those rates by 25%.  *Rooths v District of Columbia*, 802 F.Supp.2d 56, 63 (D.D.C. 2011).

In *Rooths*, the Honorable Paul L. Friedman noted that "[i]n this circuit, the rates contained in the *Laffey* Matrix are typically treated as the highest rates that will be presumed to be reasonable when a court reviews a petition for statutory attorneys' fees."  802 F Supp. 2d 61. The trial court declined "to approve as reasonable the inflated rates contained in a proposed alternative fee matrix."  *Id.*; *see Blackman v. District of Columbia*, 677 F. Supp. 2d 169, 176 (D.D.C. 2010) (in determining prevailing market rates, the court declined to apply enhanced *Laffey* rates).  The *Rooths* court further refused to apply enhanced *Laffey* rates, in part because it found that the "[enhanced *Laffey*] matrix was generated using *national* statistics rather than measurements particular to the District of Columbia area."  802 F. Supp.2d at 62 (emphasis in original); *see also DL v. District of Columbia*, 256 F.R.D. 239, 243 (D.D.C. 2009) (because the USAO [*Laffey*] Matrix accounts for price inflation within the local community, it more aptly focuses on the relevant community than the [enhanced] *Laffey* Matrix based on the legal services index).  The *Rooths* court commented that "[w]hile it is doubtless true that some sectors of the legal services industry have experienced rapid fee inflation in recent years, [it was] unconvinced that fees associated with IDEA litigation in the District of Columbia have increased at the same rate."  802 F. Supp. 2d at 62.

Recognizing the difficulty courts encounter in determining what are reasonable legal

fees, this Court agrees with the rationale set forth in *Rooths,* and finds that the Plaintiff's reliance

on an enhanced *Laffey* Matrix is unsupported because such Matrix does not provide an accurate

representation of District of Columbia legal fees applicable to IDEA cases.  Nor has Plaintiff

demonstrated that IDEA litigation involving administrative hearings is the type of  "complex

federal litigation" encompassed by the *Laffey* rates.  *See McClam* v. *District of Columbia*, Civil

Action No. 11-381 (RMC), September 6, 2011 Memorandum Opinion at 8 (declining to apply

*Laffey* rates in part on grounds that "IDEA cases are generally not complex [and in that case,]

Plaintiffs . . . pointed to no novel issue or other complexity that turned this,  particular IDEA

case into a complicated piece of litigation.")[6]

   Defendant's argument against imposition of *Laffey* rates primarily focuses on the *Rooths*

and *McClam* decisions, *supra.* but the Defendant also asserts that "Plaintiffs have made no

serious attempt to show that rates under the *Laffey* Matrix are appropriate in this case or, more

specifically, that *Laffey* rates were necessary to attract competent counsel in the underlying,

special education matters."  (Opposition at 13.)[7]  Defendant further argues that there is no

"inherent right to *Laffey* rates." (Opposition at 13 (citation omitted)); *see Lively v Flexible*

*Packaging Assoc.*, 930 A.2d 984, 990 (D.C. 2007) (accepting the *Laffey* Matrix as one legitimate

means of calculating attorney's fees and using it as a starting point instead of an automatic

---

[6]The *McClam* court acknowledged that "[f]ederal district courts in this circuit disagree whether *Laffey* rates should be applied in IDEA cases."  *McClam* Memorandum Opinion at 6 (citations omitted).

[7]*See Kenny A. v. Perdue*, 130 S. Ct. 1662, 1672 (2010) "a 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case"); *see also Lively v. Flexible Packaging Association*, 930 A.2d 984, 990 (D.C. 2007) (cautioning that the goal of fee-shifting provisions is not to provide counsel with a windfall but to attract competent counsel).

application).  Federal courts do not automatically have to award *Laffey* rates but instead they can look at the complexity of the case and use their discretion to determine whether such rates are warranted.  *See Muldrow v. Re-Direct, Inc.*, 397 F. Supp. 2d 1, 4-5 (D.D.C. 2005) ( awarding fees at a rate 25% less than *Laffey* in a "relatively straightforward negligence suit").

This Court follows the reasoning of the *Rooths* case and other cases declining to apply enhanced *Laffey* rates.  Considering that this is a straightforward case seeking IDEA legal fees, this Court concludes that the Plaintiff has failed to demonstrate that the hourly rates set by her counsel, which are based on enhanced *Laffey* rates, are reasonable.[8]  Such enhanced rates do not reflect what the local legal market will bear in terms of legal fees for IDEA litigation.  Using the [USAO] *Laffey* Matrix as a starting point for determination of a reasonable hourly rate, this Court determines that the hourly rate for Douglas Tyrka [attorney with 10 years experience] would be $315.00/hour instead of $475.00/hour, the hourly rate for Zachary Nahass [attorney with 2 years experience] would be $215.00 instead of $268.00, while the rate for paralegals Patrick Meehan, Camille Mckenzie and Yanet Scott would be $125.00/$130.00 instead of $146.00/$150.00.

These rates should be further reduced however because the *Laffey* Matrix rates are the presumed maximum rates appropriate for "complex federal litigation," *Covington v. District of Columbia*, 57 F.3d at 1103, and IDEA litigation generally does not fall within that category.  The case at issue is no exception to that general rule insofar as it involves a routine administrative proceeding summarized in the Impartial Due Process Hearing Officer's Decision dated January

---

[8]By statute the Court determines the reasonableness of the hourly rate for the legal fees. The negotiated legal fee hourly rate between the attorney and his client may be more or less than the hourly rate set by the Court.

18, 2008 (HOD [1]) and the time spent [billed] in preparation for the hearing was nominal.

(Itemization of Fees/Expenses.)  In such a case, an hourly rate below the *Laffey* Matrix rates is

appropriate.  *See Wilson v. District of Columbia*, Civil Action No. 09-2258, 2011 WL 1428090,

at *3 (D.D.C. Apr. 14, 2011) (*Laffey* Matrix is "not generally applicable to IDEA cases because

they are not usually complex"); *A.C. ex rel. Clark v. District of Columbia*, 674 F.Supp.2d 149,

155 (D.D.C. 2009) (finding the USAO *Laffey* inapplicable in an IDEA case where "almost all of

the attorney's fees in question are the result of counsel's preparation for attendance at routine

administrative hearing"); *Agapito v. District of Columbia*, 525 F.Supp.2d 150, 155 (D.D.C.

2007) (adjusting attorney fee award and declining to rely on the *Laffey* Matrix for these

"relatively simple and straightforward IDEIA cases").  The Court will therefore award fees at an

hourly rate equal to three-quarters of the USAO *Laffey* Matrix rate, which is $236.00 for Tyrka,

$161.00 for Nahass and $94.00/98.00 for Meehan, Mckenzie and Scott.[9]

## B. Challenges to Time Charges

Defendant claims that some of the hours billed by Plaintiff's counsel should not be

compensated because they are too remote in time as to "preclude a meaningful relationship with

the hearing."  (Opposition at 16, citing *Czarniewy v. District of Columbia*, 2005 U.S. Dist.

LEXIS 5161, at *11 (D.D.C. March 25, 2005)).  *See also Role Models America, Inc. v.

Brownlee*, 353 F.3d 962, 973 (D.C. Cir. 2004) (where administrative fee charges have no

temporal proximity to the proceeding on which the right to fees is based but instead appear to be

---

[9]Defendant notes that a 25% reduction in *Laffey* Matrix rates brings these fees in line
with its DCPS Fee Guidelines (Opposition at 15); however, it is not the intent of this Court to
mirror the DCPS Fee Guidelines but instead to apply a percentage reduction that represents the
fact that most IDEA litigation [involving administrative proceedings] is not complex federal
litigation warranting the application of *Laffey* Matrix rates.

administrative matters between counsel and his client, these charges are not appropriate for reimbursement).  Defendant asserts that "[t]he statute does not contemplate an undefined form of ongoing representation of students [but instead] [i]t quantifies the activities for which school districts are obliged to reimburse legal representation to the  administrative process described in 20 U.S.C. §1415. . . ."  (Opposition at 16.)

A review of the time sheets submitted by Plaintiff shows that the time charges noted by counsel have sufficient temporal proximity to the date of the HOD.  Some of the time entries pre-date the due process hearing, reflecting preparation for and attendance at the hearing; there is one time entry regarding attendance at the hearing, and additional time entries reflect follow-up by counsel and HOD compliance.  This Court will not further reduce time charges based on Defendant's claim that some charges are remote.

### C.  Costs

Plaintiff seeks costs in the amount of $100.78 for expenses arising from copying ($.10 per page) and faxing ($1.00 per page).  Costs for copying, faxing and postage are customarily included in fee awards in IDEA litigation.  *Kaseman v. District of Columbia*, 329 F. Supp. 2d 20, 28 n.7 (D.D.C. 2004). These total costs are not contested by the Defendant and will be awarded to the Plaintiff.

### D. Fees and Costs Awarded

The amount of fees and costs requested by Plaintiff is $1,859.53. The legal fees claimed were based on 1.25 hours billed at $475.00/hour, 3.25 hours billed at $268.00/hour, 1.75 hours billed at $146.00/hour and 2.0 hours billed at $150.00/hour.  This Court has determined that hourly rates based on 75% of the *Laffey* Matrix rate are applicable, which means that 1.25 hours

are billed at $236.00/hour, 3.25 hours are billed at $161.00/hour, 1.75 hours are billed at $94.00/hour and 2.0 hours are billed at $98.00/hour.  Total fees thus equal $1,178.75 and total costs equal $100.78, resulting in an award of $ 1,279.53.


DATED: May 11, 2012                        _____/s/_____
                                           ALAN KAY
                                           UNITED STATES MAGISTRATE JUDGE